**Maria Tobar GALDAMES, AKA Maria Sara Tobar Galdamez, Petitioner,**

v.

**Jefferson B. SESSIONS III, Attorney General, Respondent.**

No. 12-74197

United States Court of Appeals, Ninth Circuit.

Argued and Submitted September 15, 2016 San Francisco, California

Filed April 19, 2017

Randy Alexander, Attorney, Law Offices of Randy Alexander, Los Angeles, CA, for Petitioner

Kate Deboer Balaban, Esquire, Trial Attorney, OIL, Timothy Bo Stanton, Attorney, DOJ—U.S. Department of Justice,

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent

Before: W. FLETCHER, CHRISTEN, and FRIEDLAND, Circuit Judges.

MEMORANDUM [*]

Maria Tobar Galdames, a native and citizen of El Salvador, petitions for review of the Immigration Judge's ("IJ's") and Board of Immigration Appeal's ("BIA's") (together, "the agency's")[1] denial of her claim for withholding of removal. Galdames's withholding claim is based on abuse that she suffered at the hands of her former boyfriend. We conclude that the agency applied an incorrect legal standard, and thus abused its discretion, in denying withholding of removal.

To demonstrate past persecution, Galdames bears the burden to show that the persecution she suffered was either committed by the Salvadoran government or by persons the government was unable or unwilling to control. *See Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1056 (9th Cir. 2006). The IJ and the BIA held that Galdames could not demonstrate past persecution because she had failed to report her abuse. However, it is well-settled in this circuit that a petitioner's failure to report her abuse to authorities does not operate as a per se bar to withholding but is instead "a factor that may be considered, as is credible testimony or documentary evidence explaining why a victim did not report." *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1069 (9th Cir. 2017) (en banc); *see also Ornelas-Chavez*, 458 F.3d at 1058 ("[A]n applicant who seeks to establish eligibility for withholding of removal ... need not have reported [the] persecution to the authorities if [she] can convincingly establish that doing so would have been futile or would have subjected [her] to further abuse."). The agency therefore erred in concluding that Galdames's failure to report her abuse disqualified her from withholding of removal.[2]

We GRANT the petition and REMAND the case to the BIA for further proceedings consistent with this decision.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1. The BIA in this case affirmed based on the reasoning and conclusions of the IJ while appearing to add some of its own reasoning and analysis. In such a circumstance, we review the decisions of both the IJ and the BIA. *Huang v. Holder*, 744 F.3d 1149, 1152 (9th Cir. 2014).

2. Because the agency concluded that Galdames had not suffered past persecution, it placed the burden on Galdames to demonstrate that she could not safely and reasonably relocate within El Salvador. If, after applying the correct legal standard on remand, the BIA concludes that Galdames suffered past persecution, the Government—not Galdames—would bear the burden to show that she could safely and reasonably relocate. *See* 8 C.F.R. § 1208.16(b)(1)(ii).